HELEN K. RAWLS, APPELLANT, v. GLEN D. HEWITT ET AL., APPELLEES.

30 N. W. 2d 623

Filed January 9, 1948. No. 32347.

*Hotz & Hotz, William J. Hotz, William J. Hotz, Jr.,* and *William F. Dalton,* for appellant.

*Wear, Boland & Nye* and *Harold W. Kauffman,* for appellees.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, and WENKE, JJ., and LIGHTNER, District Judge.

LIGHTNER, District Judge.

Plaintiff, the daughter of Mrs. Kline hereinafter referred to, and the present owner of the real estate, brought this suit in the district court for Douglas County and, after reciting certain facts, asks in the prayer of her petition that the court construe the will of Teresa Hempel, deceased, to mean that the defendants as residuary legatees, or otherwise, have no right, title, or interest in a certain mortgage on the real estate of Mrs. Louise Kline, now also deceased, sister of Teresa Hempel, and that such mortgage be canceled. Defendants in their answer and cross-petition allege that the will gave them the mortgage in question, and ask for a foreclosure thereof. The district court found against plaintiff and in favor of defendants and decreed foreclosure of the mortgage. Plaintiff appeals.

This case presents for decision the meaning of the following sentence found in the will of Miss Teresa Hempel, viz: "I do hereby further request that no proceedings be taken on the mortgage held by me on the home of my sister Louise Klein of 2546 Chicago Street, Omaha." (Mrs. Kline is referred to throughout the will as Louise Klein.)

The will of Miss Hempel was made on November 8, 1940, and she died on November 28, 1940. Her will was duly probated and allowed.

Plaintiff and appellant contends that the sentence in question canceled the mortgage referred to therein, or constituted a gift thereof to the testatrix's sister. Defendants and appellees, who are the residuary legatees of

Miss Hempel, and the owners of the mortgage, unless it was given to the sister or canceled, contend that the provision in question simply prevented the mortgage from being enforced during the lifetime of Mrs. Kline and that inasmuch as Mrs. Kline has now died the mortgage may be foreclosed by the residuary legatees.

The plaintiff and appellant is a daughter of Mrs. Kline, to whom Mrs. Kline deeded the real estate covered by the mortgage. Appellant complains because the district court admitted evidence by the scrivener of the will to the effect that the sentence in the will was written by reason of a direction by the testatrix that she did not want her sister bothered with this mortgage as long as she lived. Later and at the close of all the evidence the district court sustained the objections which had been made to this testimony. It apparently was not considered by the district court and we feel that it should not be considered by this court. Therefore, the case must be decided entirely upon the language used in the will itself.

The will of Miss Hempel is quite long, but must be considered in its entirety to determine the testatrix's meaning and the basis for the holding of the district court. Such will, after providing for the payment of debts, the saying of masses, and the up-keep of her family lot in the cemetery, is as follows: "2. I do hereby direct my executrixes to invest in good security the cash remaining after the satisfaction of paragraph one and I do hereby request the Court to appoint said executrix's as trustees or in someother capacity, if deemed necessary and advisable by said Court to carry out my intention herein expressed, of said securitie's with authority to use and dispose said securities and the income thereof for the care, support and maintenance of my sister, Louise Klein, during her lifetime, such support, care and maintenance to be such as is suitable for persons of her age, and I do hereby direct the balance thereof, if any, remaining at the death of my sister,

Louise Klein, be disposed to satisfy the following bequests: (a) $500.00 to Mary Dalton, niece, for her use; it is my desire, but not express command, that she use same for her education; (b) $500.00 to John Dalton, nephew, for his use; it is my desire, but not express command that he use same for his education; (c) $300.00 to Helen Klein Rawls of Butte Montana; (d) $1000.00 to Lorine Dalton of Lincoln Nebraska; (e) $1000.00 to Mrs. Mary Hempel of Lincoln Nebraska;

"3. I do hereby direct my executrixes to sell my real estate property at 403 So. 48th Ave., Omaha Nebraska, and to invest the net proceeds thereof in good securities and in the same manner and for the same purpose as expressed in paragraph 2, to-wit: for the care, support and maintenance of my sister, Louise Klein, during her lifetime, such support, care and maintenance to be such as is suitable for persons of her age, and in this regard, I likewise request the Court to appoint said executrixes as trustees or in some other capacity, if deemed necessary and advisable by said Court to carry out my intention herein expressed; I do hereby further direct that the balance thereof remaining at the death of my sister, Louise Klein, and after the full satisfaction of the bequests mentioned in paragraph two and the proceeds of the sale of the bonds hereinafter mentioned and any other property not herein mentioned and any devise or bequest which may fail for any cause whatsoever, be paid to and divided equally between William P. Hewitt and Glen D. Hewitt, share and share alike.

"4. I do hereby request that other bonds in my possession in the Safety Deposit Box be kept intact and that the income thereof is to be used exclusively for the purpose of Louise Klein, my sister, who resides at 2546 Chicago St., Omaha, during her lifetime, and at her death, to be disposed of at the best market price available and the proceeds thereof to be used to satisfy the aforementioned bequests contained in paragraphs 2 and 3 of this my last will and testament;

"5. I do hereby bequeath my fur coat to Esther Hewitt and the rest and remainder of my clothing I bequeath to Esther Hewitt and Louise Hewitt, share and share, alike;

"I do hereby constitute and appoint Mrs. Esther Hewitt and Minnie Guthmann as executrixs of this my last will and testament and request that they give bond for the execution of their office. I do hereby further request that no proceedings be taken on the mortgage held by me on the home of my sister Louise Klein of 2546 Chicago Street, Omaha.

"Dated at Plattsmouth Nebraska this 8th day of November 1940. Teresa Hempel."

This was virtually a deathbed will. It was written in longhand by the scrivener in the room where Miss Hempel was propped up in bed. The scrivener, who had not transacted legal business for Miss Hempel before he was called in to make her will, got the information from her piecemeal and then went to a table in the same room and wrote down what she told him. While the mortgage in question was dated July 14, 1934, due in five years, interest payable annually, Miss Hempel had not during the five years it had been in effect collected any interest or principal thereon at any time. She retained possession of the note and mortgage after the will was made.

Calling attention to well-established canons of construction, this court as recently as March 1947 in In re Estate of Zents, 148 Neb. 104, 26 N. W. 2d 793, laid down the following rules: "It is the court's duty in the construction of a will, under the provisions of section 76-205, R. S. 1943, to give effect to the true intent of the testator so far as it can be collected from the whole instrument, if such intent is consistent with the rules of law.

"The intention of the testator must be ascertained from a liberal interpretation and comprehensive view of all the provisions of the will. No particular words, nor conventional forms of expression, are necessary to enable

one to make an effective testamentary disposition of his property."

"The cardinal rule in the construction of wills and codicils is that the intention of the testator must be ascertained if possible." 69 C. J., Wills, § 1118, p. 52.

"The intention which controls in the construction of a will is that which is manifest, either expressly or by necessary implication, from the language of the will, or, as is sometimes said, the testator's intention must be ascertained from the four corners of the will." 69 C. J., Wills, § 1119, p. 59.

"As the full extent of the testator's bounty is supposed to be disclosed by the will, a legacy to a debtor does not operate as a release of the debt unless the will clearly manifests the intent that it shall so operate, which intent may be manifested by express words or by necessary implication." 69 C. J., Wills, § 2152, p. 963.

Applying now the rules of construction above referred to it will be noticed that Miss Hempel in paragraph two of her will provided that the executrices use and dispose of all of her securities and the income thereof "for the care, support and maintenance of my sister, Louise Klein, during her lifetime, such support, care and maintenance to be such as is suitable for persons of her age," and then provides that the balance after Mrs. Kline's death be disposed of to satisfy certain bequests amounting to $3,300, including a bequest of $300 to the plaintiff in this case.

Miss Hempel then in paragraph three of her will directed her executrices to sell her real estate situated at 403 So. 48th Avenue, Omaha, Nebraska, and to invest the net proceeds thereof in good securities "for the care, support and maintenance of my sister, Louise Klein, during her lifetime, such support, care and maintenance to be such as is suitable for persons of her age, and in this regard, I likewise request the Court to appoint said executrixes as trustees or in some other capacity, if deemed necessary and advisable by said

Court to carry out my intention herein expressed."

The balance of paragraph three provides that the balance thereof remaining "at the death of my sister, Louise Klein," and after the full satisfaction of the bequests mentioned in paragraph two "and the proceeds of the sale of the bonds hereinafter mentioned and any other property not herein mentioned and any devise or bequest which may fail for any cause whatsoever, be paid to and divided equally between William P. Hewitt and Glen D. Hewitt, share and share alike."

The fourth paragraph of Miss Hempel's will requests "that other bonds in my possession in the Safety Deposit Box be kept intact and that the income thereof is to be used exclusively for the purpose of Louise Klein, my sister, who resides at 2546 Chicago St., Omaha, during her lifetime, and at her death, to be disposed of," as provided in said paragraph.

Paragraph five of the will provides for the disposition of certain clothing.

The final paragraph of the will, which is an unnumbered paragraph, appoints Mrs. Esther Hewitt and Minnie Guthmann as executrices of her last will and testament, and then follows immediately the disputed provision: "I do hereby further request that no proceedings be taken on the mortgage held by me on the home of my sister Louise Klein of 2546 Chicago Street, Omaha." It seems to us that to have permitted the foreclosure of the mortgage in question during the lifetime of Mrs. Kline would have defeated the evident purpose of the testatrix as shown in the various provisions of her will above referred to, and that the provision in question was simply further evidence of Miss Hempel's love and solicitude for her sister. It does not show, in our opinion, a wish to give this mortgage to her sister, but it does show a wish on her part that the provisions for Mrs. Kline's benefit should not be thwarted by a foreclosure of the mortgage and an ouster of Mrs. Kline from her home. It is our opinion that it was the home

of Mrs. Kline which Miss Hempel wanted to protect, and having made the provision in question for its protection, such provision had in our judgment no further meaning or purpose.

The will indicates that Miss Hempel had her sister very much in mind during the whole time it was being drawn, which, according to the scrivener, was about an hour and a half. If she had wanted to cancel the mortgage or to have given it to her sister she could have done so in apt language. The scrivener was a lawyer who would have used the right language to have effected her purpose. That no such language is found in the will indicates that it was not her intention to give the mortgage to her sister or to cancel it.

It is therefore our judgment that the finding and decree of the district court is correct and the same is hereby in all things affirmed.

AFFIRMED.

CHAPPELL, J., participating on briefs.